# EXHIBIT 1-G

# MARK S. ZAID, P.C.
## ATTORNEY-AT-LAW

1250 CONNECTICUT AVENUE, N.W.
SUITE 700
WASHINGTON, DC 20036

TELEPHONE: (202) 454-2809
FACSIMILE: (202) 330-5610
www.MarkZaid.com

MARK S. ZAID, MANAGING PARTNER (admitted in CT, DC, MD, NY)
 E-MAIL: MARK@MARKZAID.COM
BRADLEY P. MOSS, PARTNER (admitted in DC, IL)
 E-MAIL: BRAD@MARKZAID.COM
ILANA S. GREENSTEIN, OF COUNSEL (admitted in DC, MD)
 E-MAIL: ILANA@MARKZAID.COM
ANDREW P. BAKAJ, SPECIAL OF COUNSEL (admitted in DC, NJ)
 E-MAIL: ANDREW@MARKZAID.COM

July 18, 2019

VIA E-MAIL

Robert E. Easton
Director, Office of Litigation Counsel
Office of General Counsel
Department of Defense
1600 Defense Pentagon
Washington, D.C. 20301-1600

Re: Guy M. Snodgrass

Dear Mr. Easton:

I am in receipt of your letter dated July 17, 2019, which responded to my letter of July 10, 2019. Let me first thank you for your professionalism in timely responding by the date that I had requested. That is very much appreciated.

With that said, it is completely inaccurate to state that my client is "unwilling to engage in further dialogue about removing or rewriting attributed material" regarding the "Tank". The Department of Defense is more than invited to continue to engage with my client to explore whether some middle ground can be reached. What Mr. Snodgrass will not do, however, is agree with the Joint Staff's unlawful demand that all references to and discussions from within the "Tank" are deleted. In fact, the three conversations in question were not part of a formal meeting of the Joint Chiefs of Staff. Rather, the "Tank" was merely a convenient room repurposed for Secretary Mattis' use during those three meetings.

Of course, that is not to say Mr. Snodgrass will criminally violate or civilly breach his non-disclosure secrecy agreement. No information shall be published without receipt of formal Departmental approval.

But your intimation that some legal "duty to protect the confidences of Secretary Mattis and other senior leaders" exists whereas publication would lead to the violation of some vague "public trust placed in Mr. Snodgrass" is completely, but respectfully, inaccurate as a matter of law. The guidance from October 3, 2017, that you provided, which by the way was written in large part by Mr. Snodgrass, has absolutely no lawful authority or effect whatsoever.

What does have lawful repercussion is your outright concession that the sections of Mr. Snodgrass' manuscript that pertain to the "Tank" are "unclassified statements." Indeed, your unequivocal statement corroborates the July 3, 2019, e-mail from Paul Jacobsmeyer, my client's point of contact in the Defense Office of Prepublication and Security Review, that the Joint Staff's concern is with attribution, not classification. As you are well aware, the prepublication review process is designed to prevent the inadvertent disclosure of classified information into the public domain. Editorial suggestions, while welcome and appreciated, are not enforceable.

Therefore, please be advised that my office is preparing a Complaint to be filed before the U.S. District Court of the District of Colombia to challenge the Department's failure to timely complete prepublication review of my client's manuscript. More importantly, I will be simultaneously filing a Motion for Injunctive Relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and LCvR 65.1 to immediately challenge the Department's contention that it can withhold unclassified information in violation of Mr. Snodgrass' First Amendment rights.

Respectfully, the law is clear. You cannot.

Sincerely,

Mark S. Zaid

cc: Alci Ortiz (via e-mail)
    DoD, OGC
George R. "Frosty" Sturgis (via e-mail)
    Director, DOPSR
Kelly McHale (via e-mail)
    Head of Manuscripts, DOPSR
Paul Jacobsmeyer (via e-mail)
    DOPSR
Guy M. Snodgress (via e-mail)